# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. RAY, | Case No. 1:14-cv-00020-SAB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| C/O HARLIEN, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Robert M. Ray (also known as Bruce Phillippi), a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed January 6, 2014. (ECF No. 1.)

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1 that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2 1915(e)(2)(B).

3       A complaint must contain "a short and plain statement of the claim showing that the
4 pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
8 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
9 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
12 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
13 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
15 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
16 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
18 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

21       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
22 and is incarcerated at Corcoran State Prison.  Plaintiff contends that Defendants N. Jackson, A.
23 Pacillas, K. Cribbs, D. Goree, and an unknown appeal coordinator refused to accept or file his
24 administrative appeals in retaliation for his filing grievances violating his rights under the First
25 Amendment.  (Compl. 3, ECF No. 1.)  Plaintiff alleges that Defendants Galaviz and A. Pacillas
26 violated his Fifth and Fourteenth Amendment rights by preparing and reviewing his Board of
27 Prison terms report and including disciplinary acts that were either vacated, dismissed, or
28 downgraded to non-disciplinary counseling.  (Id. at 4.)  Plaintiff claims that Defendant Meighan

violated his Fifth and Fourteenth Amendment rights by ignoring a court order requiring expungement of part of Plaintiff's disciplinary history.  (Id. at 5.)  Plaintiff contends that Defendants Harlien made false statements at his Parole Board hearing.  (Id. at 6.)  Plaintiff seeks declaratory and injunctive relief and monetary damages.

## III.

## DISCUSSION

Plaintiff's complaint merely sets forth conclusory allegations that Defendants engaged in misconduct which are not sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 662.  In order to state a plausible claim Plaintiff's complaint must contain sufficient factual detail for the Court to reasonably infer that each defendant is liable for the conduct alleged.  Id. at 678.  Since Plaintiff has failed to include sufficient factual allegations in his complaint, the complaint will be dismissed with leave to amend.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A.    Retaliation[1]

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegation that the individual defendants, at least on one occasion failed to accept or process his administrative appeals does state a causal connection between the adverse action and the protected conduct.  Plaintiff merely makes the conclusory allegation that his

---

[1] While Plaintiff alleges his right to access the courts was violated the complaint is devoid of any facts to support such a violation.

3

appeals were not processed and this is insufficient to state a cognizable claim for retaliation.

### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995).

There is no federal constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). However, California law has created a liberty interest in parole. Swarthout v. Cook, 131 S. Ct. 859, 861 (2011). In the parole context, procedural due process requires that the inmate be provided with an opportunity to be heard; and where parole is denied, the inmate be provided with an explanation for the denial. Greenholtz, 442 U.S. at 16.

Plaintiff appears to be challenging the information provided to the Parole Board alleging it was false or wrongly included. Plaintiff is seeking an injunction to remove from his disciplinary history any 115 that has been vacated, dismissed or downgraded to non-disciplinary counseling chrono, dismissed in Imperial County Superior Court or ordered expunged by habeas petition in Imperial County; prohibit Defendant Meighan from sitting on any future disciplinary hearing, parole hearing, or any type of hearing granting discretionary power over Plaintiff; and compensatory and punitive damages for allegedly false statements made in the hearing.

While Plaintiff has a liberty interest in parole, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). There is no property or liberty interest in the documents contained in an inmate's central file. Plitt v. Gonzalez, No. 1:08-cv-01352-BLW-LMB, 2011 WL 3813099, *5 (E.D.Cal. Aug. 26, 2011). Plaintiff's complaint fails to address how the reports would have affected his parole, and while the Court is to liberally construe the complaint, it may not supply

essential elements of the claim that were not initially pled.  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).  In a constitutional tort, a plaintiff must allege that the defendant's actions caused him some injury.  Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).  Plaintiff's complaint fails to allege that he suffered any injury from the reports being included in the Board of Prison terms report.  Accordingly, Plaintiff has failed to state a cognizable claim for relief.

### 1.  Defendant Meighan

Plaintiff seeks compensatory, nominal and punitive damages against Defendant Meighan.  Plaintiff alleges that Defendant Meighan is a Deputy Commissioner of the Parole Board and as such, Defendant Meighan is entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges.  Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004).  Defendant Meighan is entitled to immunity in the determination of whether to grant or deny parole and this would extend to the documents which were considered in making the decision.  Plaintiff may not seek monetary damages against Defendant Meighan for considering part of Plaintiff's disciplinary history which he contends has been expunged in making a parole determination.

## C.  Official Capacity Claims

Plaintiff may not bring suit seeking damages against Defendants in their official capacity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Id. at 25.

Additionally, Plaintiff attempts to bring claims against individuals based upon their supervisory position at the prison.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983

actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id.; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 6, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

1 an amended complaint; and

2     4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 20, 2014**

UNITED STATES MAGISTRATE JUDGE