UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. RAY,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O HARLIEN, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00020-SAB (PC)<br><br>ORDER VACATING ORDER TO SHOW CAUSE AND DISMISSING SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF Nos. 20] |

       Plaintiff Robert M. Ray is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 24, 2014.  Local Rule 302.

       On August 1, 2014, the Court screened and dismissed Plaintiff's first amended complaint, with leave to amend, for failure to state a cognizable claim.  (ECF No. 10.)

       On August 15, 2014, Plaintiff filed and the Court granted Plaintiff an extension of thirty days to comply with the Court's August 1, 2014, order.

       Instead of filing an amended complaint, Plaintiff filed "objections" to the Court's August 1, 2014, order, on September 8, 2014.  On September 30, 2014, the undersigned construed Plaintiff's "objections" as a motion for reconsideration and denied said motion.  (ECF No. 14.)  In that order, the Court directed Plaintiff to file a second amended complaint in compliance with the Court's September 30, 2014, within thirty days or warned the action would be dismissed.  (Id.)

On October 9, 2014, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. (ECF No. 15.)  The appeal was dismissed for lack of jurisdiction on October 31, 2014.  (ECF No. 18.)

On November 18, 2014, the Court issued an order to show cause why the action should not be dismissed for failure to comply with a court order.  (ECF No. 19.)  On November 21, 2014, Plaintiff filed a second amended complaint.  Plaintiff's second amended complaint, with the exception of the inclusion of an immaterial exhibit, is a verbatim copy of the first amended complaint which was previously dismissed with leave to amend.   For the same reasons explained in the Court's August 1, 2014, order dismissing the first amended complaint, the instant complaint must be dismissed for failure to state a cognizable claim for relief.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff contends that his right to access the court and right to file inmate grievances against the government has been violated by prison officials in retaliation for filing prior grievances and litigation against staff. Plaintiff's due process rights were violated by staff that prepared and reviewed the report for his parole hearing by purposefully including disciplinary history acts that were vacated, dismissed, mislabeled, and or ordered expunged. Plaintiff contends staff purposefully violated his due process rights for being a "litigator" to hinder his changes at parole. Plaintiff also contends that purposefully and arbitrarily ignored a court order requiring the removal of irrelevant and unreliable information from Plaintiff' discipline history and used it to deny parole.

## II.
## DISCUSSION

### A.    Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to state a cognizable claim for retaliation against any of the Defendants. Plaintiff fails to allege facts to demonstrate that any of the Defendants knew of any grievances and/or litigation previously engaged in by Plaintiff. Plaintiff merely alleges that these individuals improperly denied him access to the grievance procedure and failed to correct a false report submitted to the parole board, without any factual support as to what, if any, knowledge any of these individuals had regarding his prior grievances and/or litigation such that it was the "but for" cause of the alleged retaliatory actions. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.[1]

### B.    Due Process Violation

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). There is no federal constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).

Plaintiff appears to be challenging the information provided to the Parole Board alleging it was false or wrongly included. Plaintiff is seeking an injunction to remove from his disciplinary history any 115 that has been vacated, dismissed or downgraded to non-disciplinary counseling chrono, dismissed in Imperial County Superior Court or ordered expunged by habeas petition in Imperial County; prohibit Defendant Meighan from sitting on any future disciplinary hearing, parole hearing, or any type of hearing granting discretionary power over Plaintiff; and compensatory and punitive damages for allegedly false statements made in the hearing.

Even if Plaintiff has a liberty interest in parole under state law, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). There is no property or liberty interest in the documents contained in

---

[1] Although Plaintiff references the denial of access to the court, Plaintiff fails to set forth any factual support for such claim.

4

an inmate's central file.  Plitt v. Gonzalez, No. 1:08-cv-01352-BLW-LMB, 2011 WL 3813099, *5 (E.D.Cal. Aug. 26, 2011).  Accordingly, Plaintiff fails to state a cognizable due process violation.

        1.      Defendant Meighan

Plaintiff seeks compensatory, nominal and punitive damages against Defendant Meighan. Plaintiff alleges that Defendant Meighan is a Deputy Commissioner of the Parole Board and as such, Defendant Meighan is entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges.  Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004).  Defendant Meighan is entitled to immunity in the determination of whether to grant or deny parole and this would extend to the documents which were considered in making the decision.  Plaintiff may not seek monetary damages against Defendant Meighan for considering part of Plaintiff's disciplinary history which he contends has been expunged in making a parole determination.

**C.     Violation of Court Order**

Plaintiff's claim that prison officials have failed to comply with a court order to expunge a disciplinary violation from his central file, section 1983 provides a cause of action only for deprivations of federal constitutional or statutory rights.  Court orders do not establish rights actionable under section 1983.  See Middlesex County Sewerage Authority v. National Sea Clammers Assoc., 453 U.S. 1, 20 (1981); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) ("… since there are 'remedial devices' (contempt) in place to ensure the enforcement of court orders, there is no need to allow court orders to serve as the basis of § 1983 liability.")  Accordingly, Plaintiff cannot and does not state a constitutional violation based on an alleged violation of some unidentified court order.

**D.     Official Capacity Claims**

Plaintiff may not bring suit seeking damages against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions

taken under color of state law." Id. at 25.

Additionally, Plaintiff attempts to bring claims against individuals based upon their supervisory position at the prison. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id.; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### E.   Dismissal Without Leave to Amend

In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend, further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Given that Plaintiff has previously amended the complaint and the second amended complaint is a verbatim copy of the first amended complaint, further leave to file a third amended complaint would be futile. DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's second amended complaint does not state a cognizable claim for relief for a violation of his constitutional rights, and the action must be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983.

///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's November 18, 2014, is DISCHARGED;
2. The instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief;
3. The Clerk of Court shall enter judgment; and
4. This dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **December 12, 2014**

UNITED STATES MAGISTRATE JUDGE